**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____ (State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Gold Standard Baking, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Gold Standard Baking, Inc.** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **80-0188756** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **3700 S. Kedzie Avenue**<br>Number          Street | Number          Street |
| | P.O. Box |
| **Chicago**          **IL**    **60632**<br>City          State    Zip Code | City          State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Cook County**<br>County | Number          Street |
| | City          State    Zip Code |

5. **Debtor's website** (URL)    **https://goldstandardbaking.com/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Gold Standard Baking, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3118 Bakeries and Tortilla Manufacturing**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101 (51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

| Debtor | **Gold Standard Baking, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | Relationship | **Affiliate** |
|---|---|---|---|---|
| Debtor | **See Rider 1** | | | |
| District | **Delaware** | | When | **06/22/2022** |
| | | | | MM / DD / YYYY |
| Case number, if known | | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                    State      Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor    **Gold Standard Baking, LLC**        Case number *(if known)* _____
Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/22/2022**
             MM/ DD / YYYY

**✗**   /s/ _____        **John T. Young, Jr.** _____
      Signature of authorized representative of debtor       Printed name

Title   **Chief Restructuring Officer** _____

**18. Signature of attorney**

**✗**   /s/ Domenic E. Pacitti _____      Date   **06/22/2022** _____
      Signature of attorney for debtor                MM/DD/YYYY

**Domenic E. Pacitti** _____
Printed name

**Klehr Harrison Harvey Branzburg LLP** _____
Firm name

**919 North Market Street, Suite 1000** _____
Number             Street

**Wilmington** _____      **DE** _____    **19801-3062** _____
City                        State        ZIP Code

**302-426-1189** _____      **dpacitti@klehr.com** _____
Contact phone                  Email address

**3989** _____      **DE** _____
Bar number                 State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Gold Standard Baking, LLC

- Gold Standard Baking, LLC
- Gold Standard Holdings, Inc.
- Gold Standard Real Estate, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOLD STANDARD BAKING, LLC, | ) | Case No. 22-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Gold Standard Baking, LLC | Gold Standard Holdings, Inc. | 3700 S. Kedzie Avenue Chicago, Illinois  60632 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

_____

|                                  |     |                          |
|----------------------------------|-----|--------------------------|
| In re:                           | )   | Chapter 11               |
|                                  | )   |                          |
| GOLD STANDARD BAKING, LLC,       | )   | Case No. 22-_____(___) |
|                                  | )   |                          |
|         Debtor. | )   |                          |
_____ )

## CORPORATE OWNERSHIP STATEMENT

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|:-----------:|:-------------------------------------:|
| Gold Standard Holdings, Inc. | 100% |

| Debtor name | Gold Standard Baking, LLC |
|---|---|

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Audax Group<br>320 Park Ave, 19th Fl<br>New York, NY 10022 | Audax Group<br>Tel: 212-703-2700<br>Email: rvahabzadeh@audaxgroup.com | Senior Subordinated Notes | | | | $35,470,906.00 |
| 2  Parallel49 Equity (Fund V), LP<br>225 E Deerpath Rd, Ste 200<br>Lake Forest, IL 60045 | Parallel49 Equity (Fund V), LP<br>Tel: 847-295-4243<br>Email: jdries@p49equity.com | Second Lien Term Loan | | | | $16,311,835.00 |
| 3  Pratt Industries Inc<br>P.O. Box 933949<br>Atlanta, GA 31193-3949 | Pratt Industries Inc<br>Tel: 219-307-4466<br>Email: tgast@prattindustries.com | Trade Payable | | | | $713,913.82 |
| 4  Bunge North America<br>2612 Solution Center<br>Chicago, IL 60677 | Bunge North America<br>Tel: 214-764-8300<br>Email: astrid.cojulun@bunge.com | Trade Payable | | | | $686,883.12 |
| 5  ADM Milling Co<br>P.O. Box 92572<br>Chicago, IL 60675-2572 | ADM Milling Co<br>Tel: 217-451-8107<br>Email: Tyler.Beals@adm.com | Trade Payable | | | | $578,530.76 |

Debtor name  **Gold Standard Baking, LLC**                                      Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  Metraco Transportation 211 Woodlawn Ave Norwalk, OH 44857 | Metraco Transportation Tel: 419-660-4026 Email: Courtney.hipp@nhbco.com | Trade Payable | | | | $407,550.00 |
| 7  Berkshire Refrigerated Warehousing P.O. Box 09284 Chicago, IL 60609 | Berkshire Refrigerated Warehousing Tel: 773-254-2424 Email: lisar@brwllc.com | Trade Payable | | | | $403,762.50 |
| 8  Panoramic, Inc 1500 N Parker Dr Janesville, WI 53545 | Panoramic, Inc Tel: 608-531-7635 Email: Mary.Webster@panoramicinc.com | Trade Payable | | | | $354,924.41 |
| 9  Darigold Inc P.O. Box 95500 Chicago, IL 60694-5500 | Darigold Inc Tel: 206-286-6753 Email: Dinh.Ho@darigold.com | Trade Payable | | | | $348,264.37 |
| 10  Elite Staffing, Inc P.O. Box 5450 Carol Stream, IL 60197-5450 | Elite Staffing, Inc Tel: 773-523-0431 Email: cheredia@elitestaffinginc.com | Trade Payable | | | | $246,783.99 |
| 11  Armstrong Transport Group P.O. Box 735227 Dallas, TX 75373-5227 | Armstrong Transport Group Tel: 980-819-4018 Email: jbrown@armstrongtransport.com | Trade Payable | | | | $236,027.84 |
| 12  Bianchi Milling 2820 Glavin Dr Elgin, IL 60124 | Bianchi Milling Tel: 847-478-8322 Email: mike@bianchimilling.com | Trade Payable | | | | $190,782.50 |

Debtor name  **Gold Standard Baking, LLC**                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  Batory Foods<br>10255 W Higgins Rd, Ste 500<br>Des Plaines, IL 60018 | Batory Foods<br>Tel: 847-716-5014<br>Email: mgiovanni@batoryfoods.com | Trade Payable | | | | $182,651.72 |
| 14  Specialty Nut & Bakery Supply Inc<br>1417 Jeffrey Dr<br>Addison, IL 60101 | Specialty Nut & Bakery Supply Inc<br>Tel: 630-268-8500<br>Email: orders@pspecialty.com | Trade Payable | | | | $164,595.95 |
| 15  Midland Packaging & Display<br>P.O. Box 266<br>Franksville, WI 53126 | Midland Packaging & Display<br>Tel: 262-886-8851<br>Email: cborland@gbp.com | Trade Payable | | | | $154,121.06 |
| 16  AB Mauri Foods Inc<br>4776 Collections Center Dr<br>Chicago, IL 60693 | AB Mauri Foods Inc<br>Tel: 314-392-0824<br>Email: Nicole.McBride@abmauri.com | Trade Payable | | | | $144,220.00 |
| 17  Ardent Mills, LLC<br>33250 Collections Center Dr<br>Chicago, IL 60693-0332 | Ardent Mills, LLC<br>Tel: 720-388-8023<br>Email: Jon.Welch@ardentmills.com | Trade Payable | | | | $133,870.20 |
| 18  Handi-foil of America<br>24628 Network Pl<br>Chicago, IL 60673 | Handi-foil of America<br>Tel: 847-353-1108<br>Email: gguo@handi-foil.com | Trade Payable | | | | $129,639.75 |
| 19  Indiana Sugars, Inc<br>5918 Collections Center Dr<br>Chicago, IL 60693 | Indiana Sugars, Inc<br>Tel: 630-739-9151<br>Email: lisam@buysugars.com | Trade Payable | | | | $127,820.66 |

Debtor name   **Gold Standard Baking, LLC**                                      Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Cain Food Industries<br>P.O. Box 35066<br>Dallas, TX 75235 | **Cain Food Industries**<br>Tel: 214-630-4511<br>Email: a.ramirez@cainfood.com | **Trade Payable** | | | | $123,851.00 |
| 21  More Pallets LLC<br>7724 S Claremont Ave<br>Chicago, IL 60629 | **More Pallets LLC**<br>Tel: 773-424-0403<br>Email: morepalletsllc@gmail.com | **Trade Payable** | | | | $100,080.00 |
| 22  Central National-Gottesman Inc<br>Lindenmeyer Munroe<br>P.O. Box 99922<br>Chicago, IL 60696-7722 | **Central National-Gottesman Inc**<br>Tel: 630-250-7500<br>Email: mschley@lindenmeyr.com | **Trade Payable** | | | | $85,754.16 |
| 23  Pamco Label Co, Inc<br>P.O. Box 1000<br>Dept 5<br>Memphis, TN 38148 | **Pamco Label Co, Inc**<br>Tel: 224-315-4829<br>Email:<br>Rob.Campagnolo@resourcelabel.com | **Trade Payable** | | | | $82,653.10 |
| 24  Puratos Corp<br>Lockbox 9572<br>P.O. Box 8500<br>Philadelphia, PA 19178-9572 | **Puratos Corp**<br>Tel: 708-966-2912<br>Email: dhooks@puratos.com | **Trade Payable** | | | | $64,232.80 |
| 25  Sweet Ovations, LLC<br>75 Remittance Dr, Ste 6026<br>Chicago, IL 60675-6026 | **Sweet Ovations, LLC**<br>Email: Holly.Riddick@Zentis.com | **Trade Payable** | | | | $62,587.25 |
| 26  Charter Next Generation, Inc<br>P.O. Box 9183427<br>Chicago, IL 60691-3427 | **Charter Next Generation, Inc**<br>Tel: 715-395-1734<br>Email: Kolleen.Oswskey@cnginc.com | **Trade Payable** | | | | $52,729.60 |

| Debtor name | **Gold Standard Baking, LLC** | | | Case No. (If known) | | |

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  Stratas Foods LLC<br>P.O. Box 11407<br>Birmingham, AL 35246-2477 | Stratas Foods LLC<br>Tel: 901-387-4708<br>Email: mike.hughes@stratasfoods.com | Trade Payable | | | | $48,715.39 |
| 28  CALco Pallets<br>P.O. Box 1922<br>Woodstock, IL 60098 | CALco Pallets<br>Tel: 815-725-5387<br>Email: Sarah@usacalco.com | Trade Payable | | | | $45,110.00 |
| 29  Stephan Zouras<br>Attn: Ryan Stephan, Haley Jenkins<br>100 N Riverside Plz, Ste 2150<br>Chicago, IL 60606 | Stephan Zouras<br>Email: rstephan@stephanzouras.com;<br>hjenkins@stephanzouraz.com | Litigation | Contingent, Unliquidated & Disputed | | | Undetermined |
| 30  The Civil Rights Group, LLC<br>Attn: Thomas R Kayes<br>2045 W Grand Ave, Ste B<br>PMB 62448<br>Chicago, IL 60612 | The Civil Rights Group, LLC<br>Tel: 708-722-2241<br>Email: tom@civilrightsgroup.com | Litigation | Contingent, Unliquidated & Disputed | | | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOLD STANDARD BAKING, LLC, | ) | Case No. 21-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[2] hereby certify that the *Creditor Matrix* submitted contemporaneously herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Gold Standard Baking, LLC (8756); Gold Standard Holdings, Inc. (0787); and Gold Standard Real Estate, LLC (6528). The location of the Debtors' service address is 3700 S Kedzie Avenue, Chicago, Illinois 60632.

Fill in this information to identify the case and this filing:

Debtor Name       **Gold Standard Baking, LLC**

United States Bankruptcy Court for the:       **District of Delaware**

(State)

Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/22/2022          ☒
                   MM/ DD/YYYY          Signature of individual signing on behalf of debtor

                                        **John T. Young, Jr.**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor

**Official Form 202**            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS UNANIMOUS WRITTEN CONSENT (I) OF THE SPECIAL
RESTRUCTURING COMMITTEE OF
GOLD STANDARD HOLDINGS, INC.,
GOLD STANDARD BAKING, LLC
AND
GOLD STANDARD REAL ESTATE, LLC
AND
(II) OF THE SOLE EQUITY HOLDER OF
GOLD STANDARD BAKING, LLC**

**June <u>22</u>, 2022**

The undersigned, being (i) all of the members of the special restructuring committee (the "<u>Special Restructuring Committee</u>") of each of Gold Standard Holdings, Inc., a Delaware corporation ("<u>Holdings</u>"), Gold Standard Baking, LLC, an Illinois limited liability company ("<u>GSB</u>"), and Gold Standard Real Estate, LLC, a Delaware limited lability company (each, individually, a "<u>Company</u>" and collectively, the "<u>Companies</u>"), and (ii) Holdings, as the sole equity holder of GSB, in lieu of holding a special meeting of the Special Restructuring Committee and the sole equity holder of GSB, as applicable, hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to the bylaws, limited liability company operating agreement or similar governing document of each Company (collectively, the "<u>Governing Documents</u>"), and the applicable laws of the state of incorporation or organization of each Company, effective as of the date set forth above:

**WHEREAS**, the Special Restructuring Committee was created at a duly convened meeting of the board of managers and directors of the Companies held on June 13, 2022;

### Chapter 11 Filing

**WHEREAS**, the Special Restructuring Committee has considered presentations by the management and the investment banking advisors and legal advisors of the Companies regarding the financial situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses; and

**WHEREAS**, the Special Restructuring Committee has had the opportunity to consult with the management and the investment banking advisors and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Special Restructuring Committee, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that each of the Companies shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petitions to be filed by the Companies are collectively referred to herein as the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and it is

**FURTHER RESOLVED**, that the appropriate officers of the Companies, as applicable (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Companies' businesses or to assist the Companies in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code; without limiting the foregoing, John T. Young, Jr., as the Chief Restructuring Officer of each Company, is designated as an Authorized Officer; and it is

### Debtor-In-Possession Financing, Cash Collateral, and Adequate Protection

**RESOLVED**, that each of the Companies will obtain benefits from: (i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders party to that certain Credit Agreement dated as of April 24, 2015, among Gold Standard Acquisition, Inc., Gold Standard Baking, Inc., Gold Standard Holdings, Inc., and 37 Baking Holdings, LLC, a Delaware limited liability company (the "Pre-Petition Secured Lender"), and (ii) certain debtor-in-possession financing (the "DIP Financing") provided by Pre-Petition Secured Lender (the "DIP Lender"); and it is

**FURTHER RESOLVED**, that to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Pre-Petition Secured Lender (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that in the business judgment of the Special Restructuring Committee, it is desirable and in the best interests of the Companies, their respective stakeholders, creditors, and other parties in interest, for the Companies to enter into a certain new debtor-in-possession agreement, in substantially the form set forth as **Exhibit A** attached hereto (the "DIPt Agreement"), with the DIP Lender; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Agreement (including the borrowing of money, granting of liens on substantially all assets of the Companies, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Agreement, collectively, the "DIP Agreement Documents") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Special Restructuring Committee, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which any of the Companies is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Special Restructuring Committee, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that each of Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Agreement Documents and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Agreement Documents (collectively, the "Adequate Protection Transactions"); and it is

**FURTHER RESOLVED**, that the Authorized Officers of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent or the DIP Lender; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the DIP Lender to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP

Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Documents; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions; and it is

## Retention Of Professionals

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP, under a classic retainer as general bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Houlihan Lokey Capital, Inc., as investment banker, to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey Capital, Inc.; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Omni Agent Solutions as notice, claims, and balloting agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Omni Agent Solutions; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Riveron Consulting, LLC, as financial and restructuring advisor, to represent and assist the Companies in carrying out their duties under the

10042078.v4

Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Riveron Consulting, LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases; and it is

### Sale of Assets

**FURTHER RESOLVED**, the Special Restructuring Committee and Holdings, the as the sole equity holder of GSB, have determined that it is advisable and in the best interest of GSB, as seller (the "Seller"), to enter into an Asset Purchase Agreement with the Pre-Petition Secured Lender or its assignee (the "Purchaser"), in substantially the form attached hereto as **Exhibit B** (the "Purchase Agreement"); and it is

**FURTHER RESOLVED**, that the form and terms of the Purchase Agreement are hereby approved, adopted and ratified in all respects; that subject to the Bid Procedures referenced below, the Seller is hereby authorized to execute, deliver and perform such Purchase Agreement and to consummate the transactions contemplated thereby; and that each of the Authorized Officers is hereby authorized and directed to execute and deliver, in the name and on behalf of the Seller, the Purchase Agreement, in substantially the form hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Seller, such approval to be conclusively established by the execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form and terms of (i) the Bid Procedures, (ii) the Bid Procedures Order, (iii) the Bill of Sale, (iv) the Sale Order, and (v) the Assignment and Assumption Agreement (collectively, the "Purchase Agreement Ancillary Documents") with respect to the Purchase Agreement, substantially in the forms presented to the Special Restructuring Committee and Holdings, are hereby approved, adopted and ratified in all respects; that the Seller is hereby authorized to execute, deliver and perform such Purchase Ancillary Documents and to consummate the transactions contemplated thereby; and that each Authorized Officer is hereby authorized and directed to execute and deliver, in the name and on behalf of the Seller, such

Purchase Agreement Ancillary Documents in substantially the forms hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Seller, such approval to be conclusively established by the execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form and terms of any and all other documents to be delivered by the Companies to the Purchaser in connection with the consummation of the transactions contemplated by the Purchase Agreement, including all exhibits and schedules thereto (the "Supplemental Documents") in the forms approved by any Authorized Officer after the date hereby, are hereby approved, adopted and ratified in all respects; that the Companies are hereby authorized to execute, deliver and perform such Supplemental Documents and to consummate the transactions contemplated thereby; and that each Authorized Officer is hereby authorized and directed to execute and deliver, in the name and on behalf of the Companies, such Supplemental Documents in substantially the forms hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Companies, such approval to be conclusively established by the execution and delivery thereof; and it is

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Special Restructuring Committee and Holdings have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waives any right to have received such notice; and it is

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Special Restructuring Committee and Holdings; and it is

**FURTHER RESOLVED**, that facsimile, PDF or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is

**FURTHER RESOLVED**, the actions taken by this Omnibus Joint Unanimous Consent of the Special Restricting Committee and Holdings shall have the same force and effect as if taken at special meetings of the Special Restructuring Committee and Holdings duly called and

constituted pursuant to the Governing Documents of the Companies and the laws of the State of Delaware or the State of Illinois, as applicable.

[SIGNATURES FOLLOW]

10042078.v4

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Joint Unanimous Consent of the Special Restricting Committee and Holdings effective as of the day and year first written above.

**Special Restructuring Committee**:

_____
Patrick Bartels


_____
Lisa Gavales

*[Being all of the members of the Special*
*Restructuring Committee of:*
*Gold Standard Holdings, Inc.*
*Gold Standard Baking, LLC*
*Gold Standard Real Estate, LLC]*


**Holdings**:

**GOLD STANDARD HOLDINGS, INC.**


By: _____
       Name:  John T. Young, Jr.
       Title:   Chief Restructuring Officer

*[Being the sole equity holder of Gold Standard*
*Baking, LLC]*

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Joint Unanimous Consent of the Special Restricting Committee and Holdings effective as of the day and year first written above.

**Special Restructuring Committee:**

_____
Patrick Bartels

_____
Lisa Gavales

*[Being all of the members of the Special Restructuring Committee of:*
*Gold Standard Holdings, Inc.*
*Gold Standard Baking, LLC*
*Gold Standard Real Estate, LLC]*

**Holdings:**

**GOLD STANDARD HOLDINGS, INC.**

By:   _____
        Name:  John T. Young, Jr.
        Title:   Chief Restructuring Officer

*[Being the sole equity holder of Gold Standard Baking, LLC]*

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Joint Unanimous Consent of the Special Restricting Committee and Holdings effective as of the day and year first written above.

**Special Restructuring Committee:**

_____
Patrick Bartels

_____
Lisa Gavales

*[Being all of the members of the Special Restructuring Committee of:*
*Gold Standard Holdings, Inc.*
*Gold Standard Baking, LLC*
*Gold Standard Real Estate, LLC]*

**Holdings:**

**GOLD STANDARD HOLDINGS, INC.**

By: _____
Name:  John T. Young, Jr.
Title:   Chief Restructuring Officer

*[Being the sole equity holder of Gold Standard Baking, LLC]*

10042078.v4

## Exhibit A

### Form of DIP Agreement

See attached.

10042078.v4

**<u>Exhibit B</u>**

**Form of Asset Purchase Agreement**

See attached.