## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GOLD STANDARD BAKING, LLC, *et al.*,[1] | ) Case No. 22-10559 (JKS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Related to Docket No. 17** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD AND SCHEDULING HEARING WITH RESPECT TO THE BID PROCEDURES RELIEF SOUGHT IN THE MOTION OF DEBTORS FOR ENTRY OF (I) AN ORDER (A) APPROVING BID PROCEDURES IN CONNECTION WITH THE POTENTIAL SALE OF SUBSTANTIALLY ALL ASSETS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) AUTHORIZING ENTRY INTO THE STALKING HORSE AGREEMENT, (E) APPROVING BID PROTECTIONS, (F) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (G) GRANTING RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF**

Gold Standard Baking, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion (the "Motion to Shorten").

### Relief Requested

1.      By this Motion to Shorten, and pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1(c) and 9006-1 of the Local Rules of

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Gold Standard Baking, LLC (8756); Gold Standard Holdings, Inc. (0787); and Gold Standard Real Estate, LLC (6528).  The location of the Debtors' service address is 3700 S Kedzie Avenue, Chicago, Illinois 60632.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (a) shortening the applicable notice periods and scheduling a hearing no later than July 5, 2022, with respect to the *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing Entry Into the Stalking Horse Agreement, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* filed contemporaneously herewith (the "<u>Bid Procedures and Sale Motion</u>") filed contemporaneously herewith seeking approval of the Bid Procedures[2] for the sale of the Assets, and (b) establishing a deadline for parties to file objections, if any, to the Bid Procedures and the Bid Protections relief in the Bid Procedures and Sale Motion prior to such hearing.

**<u>Jurisdiction and Venue</u>**

2.    The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules and Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection

---

[2]    Capitalized terms not defined herein are used as defined in the First Day Declaration (defined below) or the Bid Procedures and Sale Motion, as applicable, which are incorporated herein by reference.

10031363.v8

with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.      On June 22, 2022 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors have requested joint administration of their chapter 11 cases for procedural purposes only.  No trustee, examiner, or official committee has been appointed in these cases.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' chapter 11 cases has been requested for procedural purposes only.

5.      Additional detail regarding the Debtors, their business, the events leading to commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the Motion, the *Declaration of John T. Young, Jr., Chief Restructuring Officer of Gold Standard Baking, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed concurrently herewith and incorporated herein by reference, and the *Declaration of Ryan Sandahl in Support of the DIP Financing Motion and Sale/Bidding Procedures Motion* (the "Sandahl Declaration") filed concurrently herewith and incorporated herein by reference.

6.      Contemporaneously herewith, the Debtors filed the Bid Procedures and Sale Motion, seeking, among other relief, approval of: (i) the Debtors' proposed Bid Procedures; (ii) the designation of 37 Baking Holdings, LLC, as the Stalking Horse Bidder; (iii) the approval of the designation of the Stalking Horse Bidder's bid as the Stalking Horse Bid; and (iv) the approval of the reasonable and customary Bid Protections for the Stalking Horse Bidder.  Although this

3

Motion to Shorten seeks to provide thirteen days' notice of the hearing, pressures on the Debtors' liquidity and business, as well as the extensive pre-Petition Date marketing process, warrant such shortened notice in order to expedite establishing a value-maximizing, job-saving sale process.

7.      On June 16, 2022, the Debtors contacted counsel to the Office of the United States Trustee (the "U.S. Trustee") and infomed the U.S. Trustee that the Debtors would be seeking shortend notice with respect to the bidding procedures relief in the Bid Procedures and Sale Motion to be heard on July 5, 2022, with an objection deadline prior to such hearing.  The U.S. Trustee has indicated that it can not take a formal position with repsect to the request until fully reviewing the pleadings.

## Basis for Relief Requested

8.      Bankruptcy Rule 2002(a)(2) provides that debtors shall provide at least twenty-one (21) days' notice of any requests to use, sell or lease property of the estate other than in the ordinary course of business "unless the court for cause shown shortens the time or directs another method of giving notice…."  Fed. R. Bankr. P. 2002(a)(2).  Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  *See also* Fed. R. Bankr. P. 9006(c)(1) (allowing the Court to reduce the notice period "for cause shown").  Additionally, Local Rule 6004-1(c) requires that a debtor file a bidding and auction procedures motion not less than twenty-one days prior to a hearing thereon.  Del. Bankr. L.R. 6604-1(c).  Further, as a default, Local Rule 9006-1(c)(ii) provides, "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

9.      Pursuant to section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the

circumstances.  11 U.S.C. § 102(1) (2018).  Section 105(a) of the Bankruptcy Code empowers the

Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

10.     Under Bankruptcy Rule 9006, the Court may order time periods set by the

Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bank. P. 9006(c)(1).  In exercising

such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this

against the reasons for hearing the motion on an expedited basis."  *In re Phila. Newspapers, LLC*,

690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the

accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for

shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying

shortened notice."  Del. Bankr. L.R. 9006-1(e).

11.     Specifically with respect to bidding procedures motions, Local Rule 6004-1(c)

similarly provides that a debtor can seek to shorten notice thereof.  *See* Del. Bankr. L.R. 6004-

1(c).  Consistent with these rules, this Court has shortened the notice periods for bidding

procedures motions where the debtor shows cause.  *See, e.g., In re Knotel, Inc., et al.,* No. 21-

10146 (MFW) [Docket No. 64] (Bankr. Del. February 3, 2021) (hearing notice period shortened

to 8 days); *In re Renovate America, Inc.*, Case No. 20-13172 (LSS) (Bankr. D. Del. Dec. 24, 2020)

[Docket No. 40] (shortening notice of bidding procedures hearing by four days in response to

motion filed on petition date); *In re Rudy's Barbershop Holdings, LLC*, Case. No. 20-10746 (LSS)

(Bankr. D. Del. April 7, 2020) [Docket No. 35] (shortening notice of bidding procedures hearing

by nine days in response to motion filed on petition date); *In re Techniplas, LLC*, Case No. 20-

11049 (LSS) (Bankr. D. Del. May 8, 2020) [Docket No. 84] (shortening notice of bidding

procedures hearing by seven days in response to motion filed on petition date); *In re GCX Limited*,

5

Case No. 19-12031 (CSS) (Bankr. D. Del. Sept. 17, 2019) [Docket No. 60] (shortening notice of bidding procedures hearing by eleven days); *In re Fred's, Inc.*, Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 17, 2019) [Docket No. 114] (shortening notice of bidding procedures hearing by eleven days); *In re NSC Wholesale Holdings LLC*, No. 18-12394 (KJC) (Bankr. Del. October 26,2018) [Docket No. 45] (hearing notice period shortened to 9 days); and *In re The Limited Stores Company, LLC*, No. 17-10124 (KJC) [Docket No. 67] (Bankr. Del. January 18, 2017) (hearing notice period shortened to 12 days).

12.    The Debtors respectfully submit that shortening notice of the hearing on the bidding procedures relief in the Bid Procedures and Sale Motion as requested herein is reasonable and appropriate under the circumstances.  Further, granting the requested relief will not unfairly prejudice the Debtors' creditors or other parties in interest.

13.    As more fully set forth in the Bid Procedures and Sale Motion and the First Day Declaration and the Sandahl Declaration, the Debtors filed these chapter 11 cases with the goal of effectuating a sale of their assets under section 363 of the Bankruptcy Code.  As discussed in the First Day Declaration, the Debtors do not have the liquidity to support a protracted sale process. Indeed, shortly before the Petition Date, the Debtors were exploring other alternatives for the business that did not include a going concern sale.   As stated in the Sandahl Declaration, the Debtors and their professionals do not believe that a longer sale process is necessary to maximize value given the pre-Petition Date marketing efforts.  Thus, a longer sale process would serve only to increase the administrative costs of the Debtors' chapter 11 cases and transaction costs, while providing no concomitant benefit to the estates and their creditors.

14.    As described in the First Day Declaration and in the Sandahl Declaration, prior to filing these cases, the Debtors engaged in an extensive marketing campaign, through their advisors,

for the sale of substantially all of their assets.  Those efforts, however, were unsuccessful in finding a buyer for the Chicago Assets, until the going-concern sale agreement with the Stalking Horse Bidder was reached shortly before filing.  The Debtors, in the exercise of their reasonable business judgment, have determined that the most effective way to maximize the value of the Debtors' estates for the benefit of their constituents, as well as to preserve the jobs of their employees, was to seek bankruptcy protection and to conduct a sale of their businesses and assets through a sale pursuant to section 363 of the Bankruptcy Code.

15.    For similar reasons, the Debtors and their professionals believe that shortening notice of the bid procedures relief in the Bid and Sale Procedures Motion to allow it to be heard on thirteen days' notice is necessary and appropriate under the circumstances.  As the Court is aware, bidding procedures establish the "rules of the game" for a sale process.  Having Court-approved bidding procedures in place provides potential bidders with assurances that they are operating on a level playing field according to rules applicable to all bidders and provides certainty as to what is required to participate in the process.  The Debtors, moreover, will continue marketing the Assets for sale post-Petition Date to the extent additional interest in purchasing the Assets exists.  Therefore, the Debtors believe the sale process will be best served by early approval of the bid procedures relief in the Bid and Sale Procedures Motion and cause exists for hearing the Bid and Sale Procedures Motion on shortened notice with respect to such requested relief.

16.    The sale process and timeframe proposed in this Motion to Shorten are supported by the Prepetition Secured Party and the DIP Lender,  which do not object to the use of  cash collateral during this timeframe (subject to certain terms and conditions) and, as to the DIP Lender, is lending the Debtors additional amounts under the DIP Facility to continue operating post-Petition Date in the ordinary course of business and to continue and effectuate the contemplated

sale process.  In order to satisfy the requirements of the DIP Facility and maintain the support of the Prepetition Secured Party, the DIP Lender, customers, and vendors, and to maintain the Debtors' employee base, it is in the best interests of the Debtors and their estates to move expeditiously with a sale process, as discussed herein.  Indeed, the Debtors' ability to use cash collateral and access additional liquidity through the available debtor-in-possession financing will require an expeditious sale process that contemplates the entry of the Bid Procedures Order no later than July 5, 2022.

17.    The proposed relief in the Motion to Shorten also is vital to facilitating a sale process that will culminate in closing the sale transaction on or before August 15, 2022.  Not only is the August 15, 2022, outside closing date a milestone under the Stalking Horse Agreement that the Debtors must meet, but the proposed timeline is prudent under the circumstances from a business and liquidity perspective. The Debtors' businesses and their assets are at risk of being negatively impacted over time as customers, vendors and employees become increasingly reluctant to engage with the Debtors under the current period of uncertainty. The Debtors also do not have the liquidity to support a protracted sale process. In contrast, a sale on the requested timeline is reasonable under the present circumstances and allows a buyer the opportunity to retain the Debtor's customers and employees and continue its operations as a going concern.

18.    Finally, no party will be prejudiced by approval of the Bid Procedures and the Bid Protections as the hearing will be to approve only the bidding procedures—not the sale.  Parties in interest will still have time and opportunity to come forward and raise sale objections should any be necessary.

19.    The requested relief is to shorten the notice periods and the hearing on the Bid Procedures and the Bid Protections by, at most, eight days.  Further, shortening the notice period

10031363.v8

is well within the Court's inherent equitable powers pursuant to section 105(a) of the Bankruptcy Code.  Finally, the extensive pre-petition marketing of the Debtors' assets through its advisors, combined with the Debtors' efforts toward a value-maximizing, going-concern sale versus an alternative outcome of closure and liquidation without a willing buyer, provides additional support for the relief requested herein.

20.     For these reasons, the Debtors respectfully submit that allowing the Bid Procedures and Sale Motion to be considered on shortened notice at a hearing on or before July 5, 2022, is reasonable and appropriate under the circumstances.

**<ins>Compliance with Local Rule 9006-1(e)</ins>**

21.     The Debtors have informed the Office of the United States Trustee and counsel to any official committees existing at the time of the Bid Procedures and Sale Motion and this Motion to Shorten.

**<ins>Notice</ins>**

22.     The Debtors will provide notice of this Motion to Notice will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors or their counsel, (c) counsel to the Stalking Horse Bidder, the DIP Lender, and the Prepetition Secured Party, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **<ins>Exhibit A</ins>,** (a) shortening the applicable notice periods and (b) scheduling a hearing with respect to the Sale Procedures Motion.

10031363.v8

Dated: June 22, 2022
Wilmington, Delaware

/s/ *Domenic E. Pacitti*

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:      (302) 426-9193
Email:           dpacitti@klehr.com
                     myurkewicz@klehr.com
                     sveghte@klehr.com

-and-

Morton R. Branzburg (*pro hac vice* admission pending)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-3007
Facsimile:      (215) 568-6603
Email:           mbranzburg@klehr.com

*Proposed Counsel for the Debtors and
Debtors in Possession*