# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| GOLD STANDARD BAKING, LLC, *et al.*,[1] | ) Case No. 22-10559 (JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket Nos. 362, 392** |

**ORDER (I) APPROVING THE DISMISSAL OF THE DEBTORS'
CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Dismissal Motion")[2] of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 305 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), (i) approving the dismissal of the Debtors' Chapter 11 Cases, (ii) approving the Professional Fee Process, and (iii) granting related relief; and upon the *Order (I) Approving Procedures for the Dismissal of the Debtors' Chapter 11 Cases; (II) Approving Final Professional Fee Process; and (III) Granting Related Relief* [Docket No. 392]; and upon the *Certification of Counsel Regarding Order (I) Approving the Procedure for Dismissal of the Debtors' Chapter 11 Cases; (II) Approving Final Professional Fee Process; and (III) Granting Related Relief*; and due and proper notice of the Dismissal Motion having been given; and it appearing that no other or further notice of the Dismissal Motion is required; and it appearing that the Court has jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Gold Standard Baking, LLC (8756); Gold Standard Holdings, Inc. (0787); and Gold Standard Real Estate, LLC (6528). The location of the Debtors' service address is 3700 S. Kedzie Avenue, Chicago, Illinois 60632.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

10370695.v2

Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Dismissal Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation thereon and with sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Dismissal Motion is granted as set forth herein.

2. The above captioned Chapter 11 Cases are dismissed.

3. The Clerk of this Court shall (a) reflect the dismissal of the Debtors' Chapter 11 Cases (i) on the dockets of the respective Debtor cases and (ii) on the docket for those cases being jointly administered under Case No. 22-10559 (JKS) and (b) close the Debtors' Chapter 11 Cases.

4. The right of the Debtors to file future petitions for relief under chapters 7 or 11 of the Bankruptcy Code is preserved to the fullest extent allowed by, among other sections, section 349 of the Bankruptcy Code.

5. Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in the Debtors' Chapter 11 Cases shall survive the dismissal of the Debtors' Chapter 11 Cases.

6. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or relating to the implementation of any order of this Court entered in the Debtors' Chapter 11 Cases.

7.      Effective upon the date of this Dismissal Order, the retention of the Professionals shall be terminated without the need for further action on the part of this Court, the Debtors, or such other firms.

8.      Effective upon the date of this Dismissal Order, Omni shall be relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases. In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the date of this Order, Omni shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) within seven (7) days of notice to Omni of entry of the Dismissal Order, provide to the Court the final version of the claims register, a digital version of all claims, and the creditor mailing matrix as of the date immediately before the close of the cases.

9.      Upon the entry of this Dismissal Order, the Chapter 11 Cases of the Debtors shall be dismissed. The Debtors listed in this paragraph 9 shall be deemed dissolved pursuant to applicable state law, without the need for further action by the Debtors or the Court and without the need for further corporate action, including by the board of directors of the Debtors, and the Debtors shall not be required to pay any taxes or fees, other than federal taxes, if any, to cause such dissolution. Any officer of the Debtors or assignee under an assignment for the benefit of creditors, if applicable, is authorized to execute and file on behalf of the Debtors any documents necessary and proper to effectuate and consummate the dissolution of the Debtors listed herein in accordance with applicable state law:

        (a)     Gold Standard Baking, LLC;

        (b)     Gold Standard Holdings, Inc.; and

10370695.v2

        (c)        Gold Standard Real Estate, LLC.

10. Nothing contained in the Motion or this Dismissal Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or pursuant to an order of the Court or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

11. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Dismissal Order in accordance with the Dismissal Motion.

13. Notwithstanding any provisions in the Bankruptcy Code or Bankruptcy Rules to the contrary, the terms and conditions of this Dismissal Order shall be immediately effective and enforceable upon its entry.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Dismissal Order.

15. Nothing in this Dismissal Order shall affect the setoff and recoupment rights of the United States, including rights under non-bankruptcy law, if any, and all such rights and defenses are preserved.

Dated: March 1st, 2023  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE

10370695.v2